UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-cv-6681 |
| ) | |
| OFFICER JOHN FITZGERALD and ) | Judge John W. Darrah |
| THE VILLAGE OF ) | |
| HOFFMAN ESATES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alfredo Hernandez filed a Complaint against Officer John Fitzgerald and the Village of Hoffman Estates (the "Village"), alleging unreasonable seizure pursuant to 42 U.S.C. § 1983 against Fitzgerald, unreasonable detention pursuant to 42 U.S.C. § 1983 against Fitzgerald, and a supplemental claim of false imprisonment against both Defendants. Defendant Village filed a Motion to Dismiss Count III [15]. For the reasons discussed below, Defendant's Motion to Dismiss Count III [15] is denied.

## BACKGROUND

Plaintiff is a citizen of the United States. (Compl. ¶ 3.) Defendant Officer John Fitzgerald was employed by the Village of Hoffman Estates Police Department during the relevant time. (*Id.* ¶ 4.) The Village is a political subdivision of the State of Illinois. (*Id.* ¶ 5.)

On December 5, 2015, Plaintiff was involved in a traffic stop performed by Fitzgerald in Hoffman Estates. (*Id.* ¶¶ 6-7.) At the time of the stop, there was no outstanding arrest warrant for Plaintiff; but there was an outstanding arrest warrant for an individual named

Alfredo Hernandez Cleofas ("Cleofas"). (*Id.* ¶¶ 8-9.) Fitzgerald asked Plaintiff for identification, and Plaintiff produced an Illinois driver's license. (*Id.* ¶ 10.) The Illinois driver's license indicated that Plaintiff was not Cleofas. (*Id.* ¶ 11.) Additionally, the arrest warrant for Cleofas indicated that he had an expired Wisconsin driver's license and lived at a Wisconsin address. (*Id.* ¶ 12.)

Plaintiff alleges that he was seized by Fitzgerald based on the pending warrant for Cleofas. (*Id.* ¶13.) Plaintiff informed Fitzgerald that he was not Cleofas on multiple occasions. (*Id.* ¶ 15.) Fitzgerald transported Plaintiff to the Hoffman Estates police station and kept Plaintiff there based on the warrant. (*Id.* ¶ 18.) Plaintiff posted bond and appeared in court multiple times. (*Id.* ¶ 18.) On April 20, 2016, a judge determined that Plaintiff was not Cleofas. (*Id.* ¶ 19.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574,

581 (7th Cir. 2009)). A plaintiff is not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Count III alleges an Illinois claim for false imprisonment against Fitzgerald and the Village. The Village moves to dismiss Count III against them, which is based on *respondeat superior*. For a false imprisonment claim, a plaintiff must allege that he was restrained or arrested by a defendant and that defendant acted without reasonable grounds to believe that an offense was committed by plaintiff. *Poris v. Lake Holiday Prop. Owners Ass'n*, 2013 IL 113907, ¶ 61, 983 N.E.2d 993, 1007 (Ill. 2013). In Illinois, the theory of *respondeat superior* states that "an employer can be liable for the tort of an employee, but only for those torts that are committed within the scope of employment." *Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991 (Ill. 2007).

The Village argues Plaintiff has not sufficiently pled that Fitzgerald was acting within the scope of his employment. Specifically, the Village argues that, under Illinois law, employers are not generally liable for an employee's intentional torts. *See Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842, 845 (N.D. Ill. 2006) ("Illinois law dictates an employer is not liable for an employee's intentional torts, as these fall outside the scope of employment."). But an action is outside the scope of employment where "the employee's actions are different from the type of acts he is authorized to perform or were performed purely in his own interest." *Wright v.*

3

*City of Danville*, 675 N.E.2d 110, 118 (1996). An employer is liable for an intentional tort of its employee when "the tort was in furtherance of his employment, that is, only if the employee's motive, or at least a motive, in committing the tort was to serve his employer." *Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004). Plaintiff alleged that Fitzgerald was employed as a police officer by the Village of Hoffman Estates Police Department, conducted a traffic stop, and took Plaintiff to the police station. Reading the facts in the light most favorable to him, Plaintiff has sufficiently alleged Fitzgerald was acting within the scope of his duty as a police officer.

The Village also argues that it is shielded from liability under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), which states: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 Ill. Comp. Stat. 10/2-202. The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 Ill. Comp. Stat. 10/1-210.

The Village argues Plaintiff must plead that: "(1) [t]he municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be specific acts or omissions on the part of the municipality; (3) the specific acts must be affirmative or willful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of municipal employees or agents." *Ware v. City of Chicago*, 873 N.E.2d 944, 953 (Ill. App. Ct. 2007). However, those factors apply to whether there is an exception to the general public duty

4

rule, which holds that a municipality or its employees are not liable for failure to supply general police or fire protection. *Id.* at 948. Plaintiff does not allege that the Village failed to provide police protection but that they are liable for the willful and wanton misconduct of Fitzgerald. Plaintiff has sufficiently alleged that Fitzgerald's conduct was willful, wanton, and done with reckless indifference, such that the Tort Immunity Act does not apply.

## CONCLUSION

Defendant Village of Hoffman Estates' Motion to Dismiss Count III [15] is denied.

Date:     February 13, 2017                  /s/ *[signature]*
                                                             JOHN W. DARRAH
                                                             United States District Court Judge